IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT ERIC LUELLEN,

      Plaintiff,

vs.                                                   CIVIL ACTION NO. 1:10CV203

ROBIN GULICK, individually,
HUNTLEY THORPE, individually,
KAREN HENDRICKS, individually,
JONATHAN CLARK, individually, and
GULICK CARSON & THORPE, PC,

      Defendants.

## ORDER/OPINION DENYING MOTION TO STRIKE

On December 10, 2010, Plaintiff, *pro se*, Scott Eric Luellen filed his Complaint in this Court [DE 1]. That same date, he filed a Motion for Leave to Proceed *in forma pauperis* and a Motion to Amend Defendants [DE 2 and 4, respectively]. Motion to proceed *pro se* was granted on January 3, 2011, and initial filing fee was paid on January 24, 2011 [DE 12 and 14]. This case was referred to the undersigned United States Magistrate Judge on December 13, 2010 [DE 7]. Plaintiff amended his complaint to add Defendants Thorpe, Hendricks, and Clark, on March 11, 2011 [DE 21].

On May 11, 2011, Defendants filed their Motion to Dismiss for Lack of Jurisdiction [DE 37]. Attached to the motion are the sworn affidavits of T. Huntley Thorpe, III as Vice President of Gulick, Carson, & Thorpe, PC; Robin Caskie Gulick; Huntley Thorpe; Karen Hedrick; and John C. Clark. Each of these affidavits state the affiant is "duly sworn upon my oath" and is "a competent adult with personal knowledge of the facts contained [t]herein." Each of the affidavits is "[t]aken, subscribed, and sworn before" a registered Notary Public and contains the seal of that Notary Public.

On June 7, 2011, Plaintiff filed a "Motion to Strike Defendants' Affidavits in Motion to Dismiss" [DE51]. In his motion, Plaintiff represents to the Court that Fed.R.Civ.P. 56(e), or, in the

alternative, Title 128 USC section 1746 both "require that affidavits or statements submitted to the Court in support of a motion be sworn 'under penalty of perjury' that they are 'true and correct.'" Plaintiff then argues that "defendants' affidavits are void of any declaration regarding their 'truth and correctness' nor regarding 'penalty of perjury;' therefore, the affidavits must be struck.

In fact, F.R.Civ.P. 56(c)(4) (prior Rule 56(e)) requires:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.[1]

There is nothing in the Rule requiring an express statement that the affidavit be sworn "under penalty of perjury" that they are "true and correct." Title 128 U.S.C. section 1746 provides:

> **Unsworn declarations under penalty of perjury**
> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidence, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter <u>may, with like force and effect</u>, be supported, evidenced, established or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>  . . . .
> >    (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct . . . ."

(Emphasis added). A plain reading of the statute indicates it expressly requires an additional verification such as that Plaintiff argues it requires, only in place of a sworn affidavit.

Neither do the cases Plaintiff cites support his position. First, Plaintiff cites the <u>concurring</u>, not the majority opinion, in <u>In re French</u>, 499 F.3d 345 (4th Cir. 2007). Nevertheless, that concurring

---

[1]The Court notes that Rule 56 was amended effective December 1, 2010, and that the meaning of the rule regarding affidavits is unchanged.

opinion first quotes prior Rule 56(e) verbatim, then goes on to state that the affidavit at issue "was neither sworn under oath nor made under the penalty of perjury," and therefore failed to meet the requirements of the Rule. (Emphasis added).  In Solis v. Prince George's County, 153 F.Supp.2d 793 (D.Md. 2001), another case cited by Plaintiff, the district court stated:

> In opposing Defendants Motion for Partial Summary Judgment, the Plaintiff has submitted the unsworn statements of several alleged eyewitnesses to the incident and a Rule 26(a)(2) expert witness disclosure report.  "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993).  Thus, "[u]nsworn statements do not qualify as affidavits and are not considered by the court when ruling on a motion for summary judgment" . . . .

(Emphasis added).

Upon consideration of all of the above, the Court finds that Defendants' affidavits, all sworn upon oath before a duly certified Notary Public, and all stating they are made by competent adults with personal knowledge of the facts contained therein, comply with the Federal Rules of Civil Procedure as well as Title 128 U.S.C. section 1746.

Plaintiff's Motion to Strike Defendants' Affidavits in Motion to Dismiss [DE 51] is therefore **DENIED**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Scott Eric Luellen, Plaintiff *pro se* by Certified United States Mail.

DATED: June 8 , 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE