IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT ERIC LUELLEN,

    **Plaintiff,**

*vs.*                                                    CIVIL ACTION NO. 1:10CV203

ROBIN GULICK, individually,
HUNTLEY THORPE, individually,
KAREN HENDRICKS, individually,
JONATHAN CLARK, individually, and
GULICK CARSON & THORPE, PC,

    **Defendants.**

## ORDER/OPINION DENYING MOTION TO STRIKE

Before this Court is Plaintiff, *pro se's* "Motion to Disqualify Opposition Counsel," filed May 24, 2011, and "Motion for an Order Prohibiting Appearance of Defendants' Counsel Pending Resolution of Disqualification" filed June 14, 2011 [DE 57]. Defendants filed their "Response in Opposition to Plaintiff's Motion to Disqualify Opposition Counsel" on May 31, 2011 [DE 48].

By stipulation and Order, attorney Ancil Ramey, of the law firm Steptoe & Johnson PLLC, was substituted as counsel for Defendants on May 18, 2011.

Plaintiff objects to the firm of Steptoe & Johnson "because one of their attorney's [sic] previously advised Mr. Luellen." Plaintiff represents that he had previously "sought and received counsel by Reid H. Weingarten, a nationally prominent partner at the firm of Steptoe & Johnson." Plaintiff further states: "From on or about November 2005 through on or about January 2006, Mr. Luellen consulted with Mr. Weingarten via teleconferences and electronic-mail message exchanged in the case of Luellen v. Luellen, 2006 US Dist. LEXIS 44265 (Dist. DC 2006)."

Plaintiff argues: "If one of the attorney's [sic] of a law firm previously advised Mr. Luellen, the firm is conflicted from any oppositional representation here."

Significantly, Plaintiff fails to submit even a scintilla of evidence that he was ever advised by Mr. Weingarten, particularly as part of a lawyer-client relationship. Plaintiff is listed as appearing *pro se* in the case he references. Further, the sole opinion in that case is that the United States District Court for the District of Columbia denied Plaintiff's motion to remove his divorce case from State Court in Virginia to the United States District Court in D.C. 2006 WL 1825220. Plaintiff does not attach any of the emails he references nor any other evidence, such as a letter of representation, or an affidavit from Mr. Weingarten indicating that he actually advised Plaintiff.

More importantly, Defendants respond that Ancil G. Ramey is a member of the law firm of Steptoe & Johnson PLLC. Defendants represent that Mr. Weingarten, however, is not a member of the law firm Steptoe & Johnson, PLLC, but instead is a partner at Steptoe & Johnson LLP. Defendants attached the web page of Steptoe & Johnson LLP, which indicates Mr. Weingarten is a partner in that firm. The web page also contains a history of the firm, including that the now-Steptoe & Johnson, PLLC and now-Steptoe & Johnson, LLP, despite sharing a 67-year history, are not the same firm. The web site explains that in 1980, the Washington, D.C. office of Steptoe & Johnson split off to become Steptoe & Johnson LLP. Steptoe & Johnson's West Virginia offices became Steptoe & Johnson PLLC.

Defendants argue that, aside from their common history, the two firms have no relationship now and had no relationship at the time Mr. Weingarten allegedly represented Plaintiff. Therefore, there is no conflict and Plaintiff's motion should be denied.

Mr. Weingarten's biography on the Steptoe & Johnson LLP website specifically states he practices in Washington, D.C., and is admitted to practice in the District of Columbia, Pennsylvania, and New York. Steptoe & Johnson LLP lists offices in Beijing, Brussels, Chicago, Century City, London, Los Angeles, New York, Phoenix, and Washington, D.C. Noticeably absent is any office

in West Virginia.

Upon being presented with this evidence from Defendants that the two law firms were separate and distinct, and that Mr. Weingarten was not in any way associated with Steptoe & Johnson PLLC, Plaintiff filed a rebuttal, arguing:

> Upon first impression, defendants' counsel's interests at least appear to suggest commonality and impropriety. Defendant's claims that the two identically-named firms have separate 'offices' fails to dissuade the disquieting appearance of impropriety, especially when one considers defendants' [sic] concede the firms were one in [sic] the same in every way for 67 years, the defendant' answer conspicuously excludes whether the identically named 'offices' share common partners, clientele, or other interests.

The Court has reviewed and takes judicial notice of the public records maintained by the Secretary of the District of Columbia, which indicates Steptoe & Johnson registered as an LLP in DC in 1995, with its registered agent in DC.

The Court has also reviewed and takes judicial notice of the public records maintained by the Secretary of State for the State of West Virginia which shows only one Steptoe & Johnson registered to do business in the State of West Virginia. The name of that law firm is Steptoe & Johnson PLLC, organized under the laws of the State of West Virginia. The company's designated office at the time of its becoming a PLLC effective January 1, 2001, is listed as Clarksburg, West Virginia. A listing of each attorney who would be practicing under that firm as of that date does not include Mr. Weingarten., but does include Mr. Ramey. Its designated agent for service is Robert M. Steptoe, in Clarksburg, West Virginia. The Articles of the Company specifically state that only attorneys-at-law duly licensed to practice in the state of West Virginia may become members in the Company. Further, Mr. Ramey wrote a letter to Plaintiff on Steptoe & Johnson PLLC's letterhead, which letterhead indicates Mr. Ramey's office is in Charleston, West Virginia.

Plaintiff, a sophisticated businessman, who "has been previously represented and/or

counseled by numerous national and international law firms during his career as a technology company found, chairman & CEO . . . A participant in national politics. . . and founder & CEO of a venture capital firm" should be aware that the names Steptoe & Johnson, PLLC and Steptoe & Johnson, LLP, while certainly disarmingly similar "upon first impression," are not, as he states, "identically-named." Further, the evidence shows the firms do not share offices, members, or clientele, except perhaps in the manner any two law firms may have counseled the same client. Steptoe & Johnson LLP expressly has no offices in West Virginia.

Upon consideration of all of the above, the Court finds no conflict between Mr. Weingarten's allegedly having in some way counseled Plaintiff in November 2005 through January 2006 and Mr. Ramey's representation of Defendants in this matter.

Plaintiff's "Motion to Disqualify Opposition Counsel" [DE 45] is therefore **DENIED**. Plaintiff's "Motion for an Order Prohibiting Appearance of Defendants' Counsel Pending Resolution of Disqualification" filed June 14, 2011 [DE 57] is further **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Plaintiff *pro se* by Certified United States Mail.

DATED:   June 28, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE