IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT ERIC LUELLEN,

      **Plaintiff,**

*vs*.                                                                            CIVIL ACTION NO. 1:10CV203

**ROBIN GULICK, individually,**
**HUNTLEY THORPE, individually,**
**KAREN HENDRICKS, individually,**
**JONATHAN CLARK, individually, and**
**GULICK CARSON & THORPE, PC,**

      **Defendants.**

## ORDER/OPINION GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

This matter is before the undersigned United States Magistrate Judge pursuant to Defendants' Motion to Stay Discovery Pending Disposition of Defendant' Motion to Dismiss and/or Plaintiff's Motion for Limited Jurisdictional Discovery [DE 60].

On December 10, 2010, Plaintiff, *pro se*, Scott Eric Luellen filed his Complaint in this Court [DE 1]. That same date, he filed a Motion for Leave to Proceed *in forma pauperis* and a Motion to Amend Defendants [DE 2 and 4, respectively]. Motion to proceed *in forma pauperis* was granted on January 3, 2011, and initial filing fee was paid on January 24, 2011 [DE 12 and 14]. This case was referred to the undersigned United States Magistrate Judge on December 13, 2010 [DE 7]. Plaintiff amended his complaint to add Defendants Thorpe, Hendricks, and Clark, on March 11, 2011 [DE 21].

On May 11, 2011, Defendants filed their Motion to Dismiss for Lack of Jurisdiction [DE 37].

This motion is still pending.

On May 24, 2011, Plaintiff filed a Motion for Limited Jurisdictional Discovery [DE 44]. This motion is still pending.

Defendants' Motion represents to the Court that Plaintiff served Requests to Produce and Requests for Admissions on June 10 and June 23, 2011. A review of the record shows no Certificates of Service filed for these discovery requests; however, Defendants attached copies of the actual discovery requests as exhibits to their motion. The Certificates of Service on those exhibits indicate Plaintiff did serve the requests by mail on those dates.

F.R.Civ.Pro. 26(d)(1) provides:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, buy stipulation, or by court order.

Defendant's Motion to Dismiss is still pending before the Court, and Defendants therefore have not yet filed an Answer to Plaintiff's Complaint. No scheduling order has therefore been entered as yet, and the parties have not had their Rule 26(f) conference. Plaintiff's discovery requests are therefore premature.

Plaintiff has filed a motion to conduct limited jurisdictional discovery, which if granted, would permit him to serve limited discovery requests on Defendants notwithstanding the rule cited above. That motion, however, is also still pending and Plaintiff has therefore not been authorized by the Court to serve any discovery requests at this time.

Defendants' Motion to Stay Discovery Pending Disposition of Defendant' Motion to Dismiss and/or Plaintiff's Motion for Limited Jurisdictional Discovery [DE 60] is therefore **GRANTED**. Defendants are not required to respond to Plaintiff's discovery requests at this time. No discovery

is to be propounded by either party until after the Rule 26(f) conference, unless upon further order of the Court.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record, and to Scott Eric Luellen, Plaintiff *pro se* by Certified United States Mail.

DATED:   June 30, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE