IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SCOTT ERIC LUELLEN,

      Plaintiff,

v.                              //    CIVIL ACTION NO.  1:10CV203
                                      (Judge Keeley)

ROBIN CASKIE GULICK, Individually;
HUNTLEY THORPE, Individually;
KAREN HENDRICKS, Individually;
JONATHAN CLARK, Individually; and
GULICK, CARSON & THORPE, P.C.,

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the civil action filed by Scott Eric Luellen. For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety.

### I.

On December 10, 2010, the pro se plaintiff, Scott Eric Luellen ("Luellen"), an inmate at Federal Correctional Institution Morgantown ("FCI Morgantown"), filed a civil complaint against the defendants, Robin Gulick ("Gulick") and the law firm of Gulick, Carson & Thorpe, P.C. With the Court's leave, on March 11, 2011, Luellen amended his complaint to include the defendants Hutley Thorpe, John C. Clark, and Karen Hendrick (collectively, "the defendants").[1]

_____

[1] Hendrick and Clark have informed the Court that their names are "Karen Hendrick" and "John C. Clark," not "Karen Hendricks" and "Jonathan Clark" as designated by Luellen.(Dkt. No. 37 at 1).

LUELLEN V. GULICK, ET AL.                                    1:10CV203

### ORDER ADOPTING REPORT AND RECOMMENDATION

Luellen's amended complaint includes claims under Virginia law against the defendants for 1) common law slander; 2) statutory slander in violation of Va. Code Ann. § 8.01-45; 3) defamation per se; 4) defamation per quod; 5) injurious falsehood; 6) negligence; 7) fraud; and 8) fraud by omission.

All eight of Luellen's claims originate from a single statement contained in an Affidavit in Support of Arrest Warrant ("Affidavit") signed by Special Agent Anthony Saler of the United States Secret Service ("SA Saler"). This Affidavit, which provided the probable cause for an arrest warrant against Luellen for aggravated identity theft in violation of 18 U.S.C. § 1028A, was submitted to United States Magistrate Judge Thomas Rawles Jones, Jr. of the U.S. District Court for the District of Columbia and filed in United States v. Luellen, 1:08-mj-266 (E.D. Va. Dkt. No. 2) on April 11, 2008. The thirteen-page Affidavit includes the following critical sentence:

> I have spoken to the attorney who represents Luellen's ex-wife. He has stated that Luellen has represented himself continuously in all legal proceedings since the Fall of 2005.

(Dkt. No. 76-4 at 11).

Pursuant to the Criminal Complaint and Affidavit, Magistrate Judge Rawles issued an arrest warrant for Luellen on April 11, 2008, and he was arrested that same day. (1:08MJ266 Dkt. No. 7).

LUELLEN V. GULICK, ET AL.                                          1:10CV203

### ORDER ADOPTING REPORT AND RECOMMENDATION

The docket sheet reflects that he was temporarily detained pending
his preliminary detention hearing and, on April 17, 2008, was
released on personal recognizance bond. (1:08MJ266 Dkt. No. 9). The
government moved to dismiss the criminal complaint without
prejudice on May 8, 2008, stating that "[t]he parties have agreed
to resolve this matter on alternative grounds," (1:08MJ266 Dkt. No.
12), and the court dismissed the case the next day. (1:08MJ266 Dkt.
No. 13).

Luellen maintains that the "attorney who represents Luellen's
ex-wife," as described in the affidavit, is the defendant Robin
Gulick. (Dkt. No. 76-4 at 11). Luellen further asserts that Gulick
knew that the statement contained in the Affidavit was false, as he
was personally aware that Luellen had been represented by numerous
attorneys post-2005. Luellen argues that, as a direct result of
Gulick's false statement, he was arrested and detained for five
days in a Washington, D.C., jail, where he received treatment
amounting to "a domestic extraordinary rendition." (Dkt. No. 21 at
5). Finally, Luellen alleges that the experience of being arrested
and detained coerced him into pleading guilty to engaging in a
monetary transaction with money from unlawful activity, in
violation of 18 U.S.C. § 1957, on May 13, 2008.[2]  Thus, Luellen's

---

[2] Following this plea, on August 29, 2008, the Honorable Liam
O'Grady, United States District Judge for the Eastern District of
Virginia, sentenced Luellen to eighty-four months of incarceration

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

claims seek compensation for all of the injuries he suffered
stemming from his arrest, including damages from his subsequent
criminal sentence.

## II.

On December 13, 2010, the Court referred this action to the
United States Magistrate Judge John S. Kaull for an initial
screening and Report and Recommendation ("R&R") in accordance with
28 U.S.C. § 636(b) and Local Rule of Civil Procedure 7.02(c).

### A.

As a threshold matter, the Court must address the outstanding
objections to Magistrate Kaull's orders. Pursuant to 28 U.S.C.
§ 636(b)(1)(A), the Court authorized Magistrate Kaull to resolve
any nondispositive motion by order. (Dkt. No. 7). Parties are
permitted to file objections to these orders within 14 days. Fed.
R. Civ. P. 72(a). The Court will not, however, reconsider the
determination of the magistrate judge unless "it has been shown
that the magistrate judge's order is clearly erroneous or contrary
to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This
level of review affords great deference to the magistrate judge:

> [t]his standard vests broad discretion in the magistrate
> judge with regard to the resolution of discovery

---

and ordered him to pay $1,699,872.00 in restitution to twenty
separate victims. United States v. Luellen, 1:09-cv-681,(E.D. Va.
Dkt. No. 19).

**LUELLEN V. GULICK, ET AL.**                                           **1:10CV203**

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

disputes. Indeed, the clear error standard allows reversal only where, after review of the entire record, the district court is left with the definite and firm conviction that a mistake has been committed.

<u>Baird v. CCDC/CCSCC</u>, No. 2:08-00044, 2008 WL 4999252, at *2 (S.D. W. Va. Nov. 20, 2008) (internal quotation marks and citations omitted).

**1.**

On May 11, 2011, the defendants filed the sworn affidavits of T. Huntley Thorpe, III, Robin Caskie Gulick, Huntley Thorpe, Karen Hedrick, and John C. Clark as attachments to their motion to dismiss. (Dkt. No. 37). On June 7, 2011, Luellen filed a motion to strike these affidavits, (dkt. no. 51), which Magistrate Kaull denied by order dated June 8, 2011 (dkt. no. 55). Luellen filed objections to this order on June 14, 2011. (Dkt. No. 58). Finding no clear error, the Court **OVERRULES** the objections and **AFFIRMS** the decision of the magistrate judge (dkt. no. 55).

**2.**

On May 24, 2011, Luellen filed a motion to disqualify opposition counsel, (dkt. no. 45), which Magistrate Kaull denied by order dated June 28, 2011 (dkt. no. 64). Luellen filed objections to this order on July 6, 2011. (Dkt. No. 71). Finding no clear error, the Court **OVERRULES** the objections and **AFFIRMS** the decision of the magistrate judge (dkt. no. 64).

LUELLEN V. GULICK, ET AL.                                    1:10CV203

### ORDER ADOPTING REPORT AND RECOMMENDATION

**3.**

On May 24, 2011, Luellen filed a motion for limited jurisdictional discovery, (dkt. no. 44), which Magistrate Kaull denied by order included in the R&R dated July 5, 2011 (dkt. no. 69). Luellen filed objections to this order on July 14, 2011. (Dkt. No. 75). Finding no clear error, the Court **OVERRULES** the objections and **AFFIRMS** the decision of the magistrate judge (dkt. no. 69).

**4.**

On June 27, 2011, Luellen filed a motion for sanctions, (dkt. no. 63), which Magistrate Kaull denied by order included in the R&R dated July 5, 2011 (dkt. no. 69). Luellen filed untimely objections to this order on July 28, 2011. (Dkt. No. 77). Finding no clear error, the Court **OVERRULES** the objections and **AFFIRMS** the decision of the magistrate judge (dkt. no. 69).

**B.**

Having resolved all nondispositive motions, the Court now turns to the dispositive issues in this case. On May 11, 2011, the defendants, all domiciliaries of Virginia, filed a motion to dismiss Luellen's amended complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Dkt. No. 37). Magistrate Kaull issued a Roseboro notice to Luellen the next day, advising him of his right to respond. (Dkt. No. 38). On May 24,

6

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

2011, Luellen filed a response in opposition, (dkt. no. 43), and the defendants filed their reply in support on May 31, 2011 (dkt. no. 46).

Magistrate Kaull issued an R&R on July 5, 2011, in which he determined that the defendants are not amenable to jurisdiction in West Virginia and, consequently, that the Court should grant the defendants' motion to dismiss. (Dkt. No. 69). Luellen timely filed objections to the R&R on July 14, 2011. (Dkt. No. 75). The defendants responded to these objections on July 21, 2011, (dkt. no. 76), and Luellen filed a "rebuttal" to this response on July 28, 2011 (dkt. no. 77). After conducting a de novo review, the Court concludes that Luellen's objections are without merit.

III.

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003). The Court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v.

7

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

Johnson, 687 F.2d 44, 47 (4th Cir. 1982). A failure to file specific objections "waives appellate review of both factual and legal questions." Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**IV.**

Luellen raises numerous objections to Magistrate Kaull's R&R, which may be divided into two main categories: (1) objections to the magistrate judge's conclusion that the Court lacks personal jurisdiction over the defendants; and (2) objections to the magistrate judge's failure to recommend transfer of this case to the Eastern District of Virginia. The Court will address each of these issues in turn.

**A.**

Magistrate Kaull determined that the Court does not have personal jurisdiction over the defendants because they lack the requisite "minimum contacts" with West Virginia. Luellen objected to this finding, arguing that specific jurisdiction exists in this case because (1) the defendants availed themselves "of the privilege of conducting business" in West Virginia; and (2) the defendants are engaged in ongoing tortious conduct against Luellen as a citizen of West Virginia. For the reasons discussed below, the Court finds that Magistrate Kaull correctly concluded that the

8

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

defendants are not subject to personal jurisdiction in this state
and thus **OVERRULES** Luellen's objections to the contrary.

**1.**

When a defendant files a Fed. R. Civ. P. 12(b)(2) motion to
dismiss for lack of personal jurisdiction, the plaintiff generally
bears the ultimate burden of showing that jurisdiction exists by a
preponderance of the evidence. New Wellington Fin. Corp. v.
Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005).
However, where a court makes a Rule 12(b)(2) determination without
a hearing and based only on the written record, as the magistrate
judge did here, the plaintiff need only put forth a prima facie
showing of jurisdiction "by pointing to affidavits or other
relevant evidence." Henderson v. Metlife Bank, N.A., No. 3:11-cv-
20, 2011 WL 1897427, at *6 (N.D. W. Va. May 18, 2011); see also New
Wellington Fin. Corp., 416 F.3d at 294. A court must resolve all
factual disputes and draw all reasonable inferences arising from
the pleadings in the plaintiff's favor. New Wellington Fin. Corp.,
416 F.3d at 294; see also 5B Wright & Miller, Federal Practice and
Procedure § 1351 (3rd. ed.).

Under Fed. R. Civ. Pro. 4(k)(1)(A), a federal district court
may exercise personal jurisdiction over a defendant to the same
degree that a counterpart state court could do so. See Diamond
Healthcare of Ohio, Inc. v. Humility of Mary Health Partners, 229

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

F.3d 448, 450 (4th Cir. 2000). As a result, for a district court to have jurisdiction over a nonresident defendant, the exercise of jurisdiction (1) must be authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). As West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the U.S. Constitution, see W. Va. Code § 56-3-33, the Court need only consider whether the exercise of personal jurisdiction would comport with the Due Process Clause.

In order for a court to assert jurisdiction over a non-resident defendant within the confines of due process, the defendant must have "minimum contacts" with the forum state such that it is consistent with "fair play and substantial justice" to hold the defendant to account there. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Whether a defendant possesses such minimum contacts with a forum state is analyzed by looking to whether jurisdiction is alleged to be "specific" or "general" in nature.[3] Here, the plaintiff alleges that the defendants are

_____

[3] The question of general jurisdiction is not at issue in this case. In any event, the defendants' contacts with the state of West

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

subject to specific jurisdiction, which occurs when the defendant's

contacts with the forum state form the basis of the suit.

Carefirst, 334 F.3d at 397.

### 2.

To determine if the defendants' contacts support the exercise

of specific jurisdiction in this case, the Court must consider "(1)

the extent to which the defendant[s] 'purposefully avail[ed]'

[themselves] of the privilege of conducting activities in the

State; (2) whether the plaintiff's claims arise out of those

activities directed at the State; and (3) whether the exercise of

personal jurisdiction would be constitutionally 'reasonable.'"

Carefirst, 334 F.3d at 397 (quoting ALS Scan, Inc. v. Digital Serv.

Consultations, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)). Each

element must be present to support specific jurisdiction.

Carefirst, 334 F.3d at 397. At bottom, this inquiry focuses on "the

quality and nature of [the defendants'] contacts." Id. (internal

citations omitted).

### i.

Magistrate Kaull found that Luellen failed to show that the

defendants "'purposefully avail[ed]' [themselves] of the privilege

---

Virginia, if any, are fleeting and fall far short of the
"systematic and continuous" contacts necessary to subject them to
the general jurisdiction of West Virginia. Helicopteros Nacionales
de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984).

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

of conducting activities" in West Virginia as required by the first
prong of this test . <u>Carefirst</u>, 334 F.3d at 397 (quoting <u>ALS Scan,
Inc.</u>, 293 F.3d at 712).   Luellen argues that he satisfied this
requirement by alleging in his pleadings that "the defendants have
successfully solicited business in West Virginia by contracting to
provide services to its citizens and accepting their monies." (Dkt.
No. 75 at 2). He argues that the magistrate judge erred in holding
that these allegations, which should be entitled to a presumption
of veracity, were not sufficient to establish a <u>prima facie</u>
jurisdictional showing. <u>See</u> <u>New Wellington Fin. Corp.</u>, 416 F.3d at
294 (courts should "construe all relevant pleading allegations in
the light most favorable to the plaintiff, assume credibility, and
draw the most favorable inferences for the existence of
jurisdiction.").

      As noted by Magistrate Kaull, however, Luellen's bare
allegations stand completely alone: "Plaintiff fails to support
[his jurisdictional allegations] with even an iota of evidence."
(Dkt. No. 69 at 12). The defendants, in contrast, have provided
numerous affidavits stating that they do not possess real property
in West Virginia, maintain no offices in West Virginia, have no
bank accounts in West Virginia, do not transact business in West
Virginia, do not contract to supply services in West Virginia, do
not regularly do business in West Virginia, have never contracted

12

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

to insure a risk in West Virginia, and have not received service of process in West Virginia. (Dkt. No. 37-2).

A plaintiff cannot establish personal jurisdiction by relying solely on the basis of his own conclusory, speculative assertions. See McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983) (upholding denial of jurisdictional discovery where, "[a]gainst the defendants' affidavits," the plaintiff offered nothing beyond his "bare allegations that the defendant had had significant contacts with the forum state"); see also ALS Scan, Inc., 293 F.3d at 716 n.3 (upholding denial of jurisdictional discovery where plaintiff had only "conclusory assertions"). As Luellen has offered no evidence that the defendants "purposefully avail[ed] [themselves] of the privilege of conducting business under the laws of" West Virginia, ALS Scan, Inc., 293 F.3d at 712, the Court finds that the magistrate judge correctly concluded that he failed to satisfy the first prong of the three-part test for specific jurisdiction. Carefirst, 334 F.3d at 397. Accordingly, the Court concludes that it does not have jurisdiction over the defendants. Id. (all three elements of the test must be present to support specific jurisdiction).

### ii.

Although finding that the Court need not proceed past the first prong of the specific jurisdiction test, Magistrate Kaull

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

nonetheless considered Luellen's assertions that his claims satisfied the second element, i.e., that his claims "arise out of those activities directed at the State." Carefirst, 334 F.3d at 397. This factor requires that "the claim asserted against the defendant . . . arise out of the defendant's contact with the forum state." Williams v. Advertising Sex LLC, No. 1:05CV51, 2007 WL 2570182, at *4 (Aug. 31, 2007); see also Carefirst, 334 F.3d at 397 (the defendant must have "expressly aimed his tortious conduct at the forum" such that it is "the focal point of the tortious activity").

It is clear that the allegations in the instant complaint do not "arise out of" activities directed at the state of West Virginia. In sum, Luellen alleges that defendant Gulick made a false representation in connection with a prosecution in the Eastern District of Virginia, which purportedly led to him being arrested and detained in Washington, D.C., and pleading guilty to a separate crime in the Eastern District of Virginia. As Magistrate Kaull found, "[n]one of these events occurred in West Virginia or had any connection whatsoever to West Virginia." (Dkt. No. 69 at 16). Luellen, however, argues that this second prong could be satisfied because (1) he is domiciled in West Virginia and (2) the defendants breached a "continuing duty" to remedy their tortious conduct against him as a citizen of the forum state. Without

14

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

addressing the potential merit, if any, of the plaintiff's "continuing duty" theory, Magistrate Kaull determined that this argument is meritless because Luellen is not domiciled in West Virginia. The Court agrees.

"To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State." Johnson v. Advance America, 549 F.3d 932, 937 n.2 (4th Cir. 2008) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)); see also Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954) (recognizing that, "[w]ith respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile."). Notably, "domicile" and "residence" are not synonymous terms, as "one can reside in one place but be domiciled in another." Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citations omitted). While a person's "domicile" and "residence" may share the common aspect of physical presence in a place, the place where he intends to remain is his "domicile." Id. A person acquires a domicile at birth and will retain that domicile until he obtains a new one. Id. Once a person establishes his domicile, the law presumes that it continues there until subsequent facts establish otherwise. Mitchell v. United States, 88 U.S. 350, 352-53 (1874) (citations and footnotes omitted).

15

LUELLEN V. GULICK, ET AL.                                    1:10CV203

### ORDER ADOPTING REPORT AND RECOMMENDATION

In the case of a prisoner, the law presumes that the place of domicile he had prior to incarceration remains. See Roberts v. Morchower, 956 F.2d 1163, at *1 (4th Cir. 1992).[4]  While the place where a person resides, keeps his personal property, does his banking, works, worships, and pays his taxes may ordinarily be indicative of his intent to remain in that place, when these ties arise from an inmate's physical location in a given place, they provide weak indications of the inmate's intent to remain in that place.  This is because an inmate does not live in his place of incarceration and develop such ties by choice, but rather by necessity. See Jones v. Hadican, 552 F.2d 249, 250-51 (8th Cir. 1977) (recognizing "that a change of domicile requires a voluntary act and that the domicile of a person cannot be changed by virtue of the legal and physical compulsion of imprisonment.").

To rebut this presumption, a prisoner must demonstrate "truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration." Id. at 251. Although Luellen may be employed in West Virginia, reside in West Virginia, maintain a bank account in West Virginia, maintain a church membership in West Virginia, and pay income taxes in West

---

[4] Luellen objected to the fact that the Magistrate Judge relied upon this unpublished opinion in his analysis. As the reasoning supporting this decision is sound, the Court **OVERRULES** this objection.

16

**LUELLEN V. GULICK, ET AL.**                                    **1:10CV203**

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Virginia, these ties to West Virginia are the direct result of his incarceration at FCI Morgantown. <u>See</u> (dkt. no. 43 at 3). Luellen has presented no evidence to establish that, once his term of incarceration expires, he will remain in West Virginia. Accordingly, Luellen's domicile is either Massachusetts or Washington, D.C., his putative places of domicile prior to his incarceration.

As he is not a domiciliary of West Virginia, Luellen's argument that he meets the second prong of the specific jurisdiction test necessarily fails. <u>See</u> <u>Carefirst</u>, 334 F.3d at 397. The Court finds that the magistrate judge correctly concluded that he failed to satisfy the second prong of the three-part test for specific jurisdiction. <u>Id.</u>

**iii.**

Finally, Magistrate Kaull also determined that Luellen failed to meet the third prong of the specific jurisdiction test. <u>See</u> <u>Carefirst</u>, 334 F.3d at 397 (directing courts to consider "whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"). Given the defendants' lack of relevant contacts with the state of West Virginia, the Court agrees that haling them into this Court would fail to comport with traditional notions of fair play and substantial justice and violate the guarantees of due process. <u>Int'l Shoe</u>, 326 U.S. at 316.

17

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

**B.**

Luellen further objects that the magistrate judge failed to recognize that he had requested, as an alternative disposition for the motion to dismiss, that the Court transfer this case to the Eastern District of Virginia pursuant to 28 U.S.C. § 1631. The Court finds that, while the magistrate judge did indeed omit this issue, it has no effect on the outcome of this case; a transfer would be wholly inappropriate here.

Pursuant to 28 U.S.C. § 1631, when a plaintiff files a case in a federal district court,

> and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]

A court may only transfer a case under this section if it concludes "that (1) it [is] without jurisdiction and (2) the transferee court [is] a court in which the action could have originally been brought." Dragenice v. Ridge, 389 F.3d 92, 97 (4th Cir. 2004). If a case satisfies these criteria, a court may transfer a case under 28 U.S.C. § 1631 if "(1) the proposed transferee court has jurisdiction, (2) the action would have been timely filed had it been brought initially in the transferee court, and (3) transfer

18

LUELLEN V. GULICK, ET AL.                              1:10CV203

### ORDER ADOPTING REPORT AND RECOMMENDATION

would serve the interests of justice." Afifi v. Dept. of Interior,
924 F.2d 61, 64 n.6 (4th Cir. 1991). "The phrase 'if it is in the
interest of justice' relates to claims which are nonfrivolous and
as such should be decided on the merits." Galloway Farms, Inc. v.
United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing Zinger
Construction Co. v. United States, 753 F.2d 1053, 1055 (Fed. Cir.
1985)); see also Martin v. Sallie Mae, Inc., No. 5:07-cv-00123,
2007 WL 4305607, at * 4 (S.D. W. Va. 2007) (noting that courts
should not transfer where it would be "futile").

    The Court has already concluded that it lacks personal
jurisdiction over the defendants in this case.  It also concludes
that Luellen could have originally brought this case in the Eastern
District of Virginia because 1) the individual defendants all
reside there, and 2) "a substantial part of the events . . . giving
rise to [Luellen's] claim occurred" in that jurisdiction. 28 U.S.C.
§ 1391(b).  Thus, it may transfer this action to the Eastern
District of Virginia if doing so would be in the interests of
justice; however, the Court cannot make such a finding in this
case. Notwithstanding the likelihood that Luellen's claims would be
barred by the statute of limitations even if he had originally
filed his complaint in that court,[5] see Afifi, 924 F.2d at 64, n.6,

_____

[5] A one-year statute of limitations governs Luellen's claims for
common law slander, statutory slander, defamation per se,

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

it is clear that Luellen's claims are otherwise without merit under

Virginia law.

To state claims for common law slander, statutory slander,

defamation per se, defamation per quod, and injurious falsehood,

Luellen must establish that the defendants made a defamatory

statement.  See generally Jordan v. Kollman, 612 S.E.2d 203, 206

(Va. 2005).  A defamatory statement is one that is factually

"false" and "that concerns and harms the plaintiff or the

plaintiff's reputation."  Lewis v. Kei, 708 S.E.2d 884, 891 (Va.

2011).  A statement will be defamatory per se when it includes the

following words:

> (1) Those which impute to a person the
> commission of some criminal offense involving
> moral turpitude, for which the party, if the
> charge is true, may be indicted and punished.
> (2) Those which impute that a person is
> infected with some contagious disease, where

---

defamation per quod, and injurious falsehood.  See Tennant v.
American Home Products, Inc., 34 Va. Cir. 256, No. LW-3020-1, at *3
(Va. Cir. Ct. Aug. 2, 1994). A two-year statute of limitations
governs his claims for negligence, fraud, and fraud by omission.
See Hansen v. Stanley Martin Companies, Inc., 585 S.E.2d 567, 573
(Va. 2003); Dunn v. City of Williamsburg, 35 Va. Cir. 420, at *5
(Va. Cir. Ct. 1995).
    The basis for Luellen's claims appeared in an affidavit
submitted to a court of record on April 11, 2008, in Luellen's own
case. Luellen filed the instant complaint on December 10, 2010,
over two and a half years later. Luellen argues that the statute
has been tolled because this document was filed under seal and he
never received it. The docket in that case, 1:08MJ266 (E.D. Va.),
is inconclusive as to if and when Special Agent Saler's affidavit
was filed under seal.

LUELLEN V. GULICK, ET AL.                                    1:10CV203

ORDER ADOPTING REPORT AND RECOMMENDATION

if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. (4) Those which prejudice such person in his or her profession or trade.

Perk v. Vector Resources Group, Ltd., 485 S.E.2d 140, 144 (Va. 1997) (quoting Carwile v. Richmond Newspapers, 82 S.E.2d 588, 591 (Va. 1954)).  The allegedly defamatory statement at issue in this case is that Luellen was unrepresented by counsel during a divorce proceeding.  This statement, even if false, is not defamatory per se and is not a statement that would be harmful to Luellen's reputation in the community.  Accordingly, these claims fail as a matter of law and could not be viably pursued by Luellen even if the Court transferred this case.

Luellen's claim for negligence is also meritless.  To state a claim for negligence under Virginia law, a plaintiff must establish that the defendant owed him a duty, that the defendant breached that duty, and that the plaintiff suffered an injury as a consequence of the breach of that duty.  See Trimeyer v. Norfolk Tallow Co., 66 S.E.2d 441, 443 (Va. 1951). Luellen's amended complaint asserts that the defendants owed a general duty to make truthful statements as attorneys and as officers of the court.  He does not, however, allege that they owed him a particular duty or

21

LUELLEN V. GULICK, ET AL.                                    1:10CV203

## ORDER ADOPTING REPORT AND RECOMMENDATION

that their breach of a duty owed to <u>him</u> caused him harm.  Moreover, even if the defendants did owe him a duty, the harms Luellen asserts are so unforeseeable that the defendants could not have predicted that they would result through "the exercise of reasonable care and prudence."  <u>Id.</u>  Accordingly, his negligence claim also fails as a matter of law.

Finally, Luellen's fraud claims meet a similar fate.  To state a claim for common law fraud under Virginia law, a plaintiff must establish that he was harmed by relying to his detriment on a defendant's knowing and intentional false statement of a material fact.  <u>See</u> <u>Cohn v. Knowledge Connections, Inc.</u>, 585 S.E.2d 578, 581 (Va. 2003).  To state a claim for "fraud by omission," also known as "fraudulent concealment," a plaintiff must establish these same elements, but may substitute the "fraudulent statement" with the "fraudulent concealment." <u>See</u> <u>Van Deusen v. Snead</u>, 441 S.E.2d 207, 209-10 (Va. 1994) (recognizing that, "[f]or purposes of an action for fraud, concealment, whether accomplished by word or conduct, may be the equivalent of a false representation, because concealment always involves deliberate nondisclosure designed to prevent another from learning the truth."); <u>see</u> <u>also</u> <u>Guy v. Tidewater Inv. Properties</u>, No. L-95-1194, 1996 WL 33465397, at *3 (Va. Cir. Ct. Dec. 20, 1996).  Here, Luellen's amended complaint crucially fails to allege that the defendants made a false

LUELLEN V. GULICK, ET AL.                            1:10CV203

### ORDER ADOPTING REPORT AND RECOMMENDATION

statement that defrauded him.   In other words, he never alleges that he relied on a materially false statement to his detriment. At most, he alleges that the defendants defrauded Special Agent Saler. Such allegations, however, are clearly insufficient to imbue him with a claim for fraud or fraud by omission. Accordingly, Luellen's claims fail as a matter of law.

At bottom, while the Eastern District of Virginia would be a proper forum for this action, the Court declines to transfer this case to that forum as Luellen's claims are clearly insufficient on their face, and the "interest of justice" would not be served by a transfer. 28 U.S.C. § 1631.

### V.

For the reasons discussed, the Court:

1. **AFFIRMS** the magistrate judge's orders denying the plaintiff's motion to strike (dkt. no. 55), motion to disqualify opposition counsel (dkt. no. 64), motion for limited jurisdictional discovery (dkt. no. 69), and motion for sanctions (dkt. no. 69);

2. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 69);

3. **GRANTS** the defendants' motion to dismiss (dkt. no. 37); and

23

**LUELLEN V. GULICK, ET AL.**                                    **1:10CV203**

## ORDER ADOPTING REPORT AND RECOMMENDATION

    4.   **DISMISSES** this case **WITHOUT PREJUDICE.**

It is so **ORDERED.**

    The Court directs the Clerk to transmit copies of this Order to counsel of record, mail a certified copy to the <u>pro</u> <u>se</u> plaintiff, Scott Eric Luellen, return receipt requested, and remove this case from the active docket of this Court.

DATED: March 26, 2012.

                                <u>/s/ Irene M. Keeley</u>
                                  IRENE M. KEELEY
                                  UNITED STATES DISTRICT JUDGE